UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**JOHN M. PFEFFER, ET AL.**<br><br>Defendants. | **Case No.** 24-00543-01/14-CR-H-KPE |

## MOTION TO CERTIFY CASE AS COMPLEX

The United States of America, by and through Nicholas J. Ganjei, United States Attorney for the Southern District of Texas, and Byron H. Black, Assistant United States Attorney, moves the Court to declare this case complex in accordance with 18 U.S.C. § 3161(h)(7)(B)(ii), and in support thereof offers the following:

### I.     BACKGROUND

On October 24, 2024, a federal grand jury seated in Houston, Texas, returned an indictment charging Darvi Hinojosa and John Sblendorio with attempted murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(5) and 2; and using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. (D.E. 1.) The indictment alleges that Hinojosa and Sblendorio are both members of the Bandidos Outlaw Motorcycle Gang ("OMG") who participated in the attempted murder of a rival OMG member on June 3, 2023. (D.E. 1.). Hinojosa and Sblendorio were arrested on October 29, 2024, and appeared before the Honorable Yvonne Y. Ho, United States Magistrate Judge, Southern District of Texas. On October 31, 2024, a detention hearing was held before Judge Ho, after which

Judge Ho issued a written order detaining Hinojosa and Sblendorio pending trial. (D.E. 23.)

On February 11, 2025, a federal grand jury seated in Houston, Texas, returned a superseding indictment charging Hinojosa, Sblendorio, and 12 additional co-defendants with a variety of offenses relating to activities committed on behalf of the Bandidos OMG, including racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); murder in aid of racketeering activity, in violation 18 U.S.C. §§ 1951(a)(1) and 2; multiple counts of attempted murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(5) and 2; multiple counts of assault in aid of racketeering activity, in violation of 18 U.S.C. §§ 1959(a)(3) and 2; conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846; and arson of a building used in interstate commerce, in violation of 18 U.S.C. §§ 844(i) and 2. (D.E. 67.) The overarching racketeering conspiracy alleged in the indictment commenced no later than in or about 2019 and continued through 2025.

On April 10, 2025, a federal grand jury seated in Houston, Texas, returned a second superseding indictment charging the same offenses, but also adding substantive offenses primarily relating to each defendant's arrest. (D.E. 252.) In total, the second superseding indictment charges 34 counts, many of which carries potential penalties of up to life imprisonment for the charged defendants. These counts relate to events over a period of approximately five years and represent the culmination of a multi-year investigation, which generated a large amount of discovery. To date, the Government has produced over 460 gigabytes of discovery in this case and recently made approximately 1.3 terabytes (1,300 gigabytes) of phone extractions available to defense counsel. Given the volume of discovery in this case, a coordinating discovery attorney ("CDA") has been appointed to assist defense counsel. A jury trial in this matter is presently scheduled for May 2026.

## II.     AUTHORITY

Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Government files this motion to certify the above-referenced case as complex.

## III.     DISCUSSION

In support of this motion, the Government states the following:

a.  the prosecution involves 14 defendants charged with racketeering activities or as associated with the same racketeering activity. Additionally, three of the defendants—John Pfeffer, David Vargas, and Roy Gomez—are currently charged with homicide offenses;

b.  the prosecution involves a significant amount of evidence of each defendants' involvement the crimes alleged in the second superseding indictment;

c.  the prosecution involves multiple homicides and attempted homicides;

d.  the prosecution also involves the extensive use of audio, video, and cell phone evidence;

e.  the prosecution currently involves over approximately 162,000 pages of produced discovery, to further include substantial video, audio, and physical evidence;

f.  the prosecution intends to present significant expert testimony, including cellular telephone expert analysts from the Federal Bureau of Investigation, firearms experts from the Bureau of Alcohol Tobacco, Firearms and Explosives, and findings from medical examiners; and

g.  the prosecution intends to call witnesses from various State and Federal agencies that will likely require substantial coordination and logistical efforts.

## IV.   CONCLUSION

For the foregoing reasons, the Government believes that the case is so unusual and complex due to the number of defendants and the nature of the prosecution that it is unreasonable to expect adequate preparation for pretrial proceedings or for trial itself within the time limits established by 18 U.S.C. § 3161.

WHEREFORE, the Government respectfully requests that the Court certify this case as complex, tolling the time limits under the Speedy Trial Act, considering the matters stated herein.

                                              NICHOLAS J. GANJEI
                                              United States Attorney
                                              Southern District of Texas

By   /s/ Byron H. Black
       Byron H. Black
       Assistant United States Attorney
       SDTX Fed. No. 3874745
       1000 Louisiana Street, Suite 2300
       Houston, Texas 77002
       Telephone: (713) 567-9432
       Email: Byron.Black@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on September 11, 2025, to the CM-ECF system of the United States District Court for the Southern District of Texas for electronic delivery to all counsel of record.

                                              /s/ Byron H. Black
                                              Byron H. Black
                                              Assistant United States Attorney

## **CERTIFICATE OF CONFERENCE**

I certify that I have communicated with the following defense counsel by email on September 8, 2025, and the following advised that they have no objection to this motion:

| | |
|---|---|
| Charles T. Flood<br>Counsel for (3) Darvi Hinojosa | Dan Cogdell I<br>Counsel for (11) Brandon K. Hantz |
| G. Michael DeGeurin, Jr.<br>Counsel for (5) Bradley Rickenbacker | Christopher J. Downey<br>Counsel for (12) Sean G. Christison |
| James R. Alston<br>Counsel for (8) Christopher Sanchez | Richard B. Kuniansky<br>Counsel for (13) Marcel Lett |
| James Stafford<br>Counsel for (9) Marky Baker | Mark W. Bennett<br>Counsel for (14) Jeremy Cox |
| Brian M. Roberts<br>Counsel for (10) Ronnie McCabe | |

The following defense counsel have advised that they object to the motion:

Neal Davis
Counsel for (4) John Sblendorio

The following defense counsel have not responded with a position by the time of filing:

| | |
|---|---|
| Ryan W. Gertz<br>Counsel for (1) John M. Pfeffer | John J. Wakefield & Lisa K. Andrews<br>Counsel for (6) David Vargas |
| Ali R. Fazel<br>Counsel for (2) Michael H. Dunphy | Romy B. Kaplan<br>Counsel for (7) Roy Gomez |

Byron H. Black
Assistant United States Attorney